REGAN, Judge.
The plaintiff, Miss Georgia Bergeron, the owner and operator of a motor vehicle, instituted this suit against the defendants, Sewerage & Water Board of New Orleans and the City of New Orleans, endeavoring to recover the sum of $19,647.51 for personal injuries, property damage, medical and other incidental expenses incurred by her as a result of an accident on January 13, 1947, at 7:30 a. m., when her automobile was unavoidably driven into a three or four inch depression in Gayoso Street near its intersection of Banks Street, causing her to lose control thereof and run into a tree.
Defendants answered and, in substance, denied that they were guilty of any negligence in the premises and then asserted that the proximate cause of the accident was the excessive speed at which the plaintiff was traveling: in the alternative, defendants pleaded the contributory negligence of the plaintiff.
From a judgment in favor of the defendants dismissing plaintiff’s suit she has prosecuted this appeal.
Counsel for the plaintiff conceded in oral argument before this court, predicated on the facts revealed herein that no liability existed insofar as the City of New Orleans was Concerned and he, therefore, abandoned his case as to this defendant.
The record reflects that plaintiff, accompanied by Mrs. Louis Smith, was driving in Banks Street towards the lake, intending to take Mrs. Smith to her home in S. Gayoso Street between Banks and Palmyra Streets; when she reached Gayoso Street she braked the speed of her vehicle to ten miles per hour in order to facilitate the execution of a broad right turn, necessitated by the existence of a truck which was parked adjacent to the right curbing of Gayoso near Banks Street; she then accelerated the vehicle and had driven approximately fifteen feet when the left front wheel of her car rolled into a depression causing her to lose control thereof and run into a tree which was approximately thirty-seven feet removed from the depression resulting in the personal injuries and property damage which is the subject matter of this litigation.
It appears that on December 14, 1946, a maintenance crew of the Sewerage & Water Board caused a “cut” to be made in S. Gayoso Street for the purpose of repairing a leak in a water main. It was located approximately fifteen feet from the property line of Banks and S. Gayoso Streets and extended two and a half feet into the street and two and a half feet into the gutter bottom. The “cut” measured five feet in width by five feet in length. On December 16, 1946, the job was finished and the “cut” or hole was backfilled in conformity with a standard method used by the Sewerage & Water Board. On December 17, 1946, this “cut” was finally “dressed”, that is, the *927 earth was packed down, the top of the excavation was replaced with hard filling together with a large quantity of crushed rocks. The crew who finished the “dressing” left a crown over the “cut” of approximately four to six inches to compensate for any possible subsidence.
James T. Bond, general foreman in charge of paving for the Sewerage & Water Board, related that he visited the scene of the accident on January 13, 1947, a short time after it had occurred and found that subsidence had developed which was concave shaped and sloped from street grade at the edges to a maximum depth of three inches at the center. His testimony was confirmed by several other employees of the Sewerage & Water Board and the fact that the “cut” was concave shaped and had subsided three to possibly four inches was not disputed by the plaintiff.
Plaintiff contends that the defendant was negligent in permitting the depression described hereinabove to exist for approximately thirty days without the erection of a “barrier” or “redlighting” the hazard in order to adequately warn and safeguard vehicular traffic.
Defendant, on the other hand, insists that the concave subsidence of this “cut” or depression to three or four inches in this shell or gravelled street did not constitute that degree of negligence which would compel tlie Sewerage and Water Board to respond in damages to the plaintiff for physical injuries and property damage allegedly incurred in consequence thereof.
The only question posed for our consideration is one of fact and that is whether a depression of three or four inches, resulting from repair work performed in Gayoso Street, constitutes actionable negligence on the part of the defendant?
A careful analysis of the evidence adduced herein, considered from the plaintiff’s most favorable aspect thereof, reveals that if a concavity existed it was not in excess of three or four inches beginning at the perimeter thereof and sloping towards the center. Predicated upon these established facts our jurisprudence is embellished with innumerable cases decided by both the Supreme and Appellate Courts of this State to the effect that the defect herein complained of affords no actionable negligence.
If the existence of such a defect was deemed to be evidence of negligence on the part of the defendant, then there is scarcely any street wherein water, sewerage or drainage repair or maintenance work is performed which would be reasonably safe thereafter and when accidents of this sort occurred the municipal corporation would be treated, to all intents and purposes, as an insurer thereof. The law does not prescribe a measure of duty so impossible of attainment, or a rule of liability so unjust and severe. It imposes upon municipal corporations the obligation of guarding against hazards that can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care; but when an accident occurs by virtue of some slight defect, such as existed herein, from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to occur, it is not charged with negligence.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.